Filed 06/11/24  P. v. Jones CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083238 |
| v. | (Super.Ct.No. FVI18003496) |
| THOMAS ANDREW JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Dismissed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

An information charged defendant and appellant Thomas Jones with attempted murder (Pen. Code, §§ 664, 187, subd. (a); all further statutory references are to this code), torture (§ 206), and infliction of corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)). As pertinent here, the information also alleged various enhancements on the attempted murder count, including that defendant personally inflicted great bodily injury on the victim in circumstances involving domestic violence (§ 12022.7, subd. (e); hereafter DV GBI) and that defendant personally and intentionally discharged a firearm causing great bodily injury, personally and intentionally discharged a firearm, and personally used a firearm within the meaning of section 12022.53, subdivisions (d), (c), and (b).

On June 8, 2022, defendant entered a no contest plea to the attempted murder count and admitted the DV GBI enhancement and a prior strike (§§ 245, subd. (a)(1); 1170.12). Pursuant to the terms of his plea agreement, he was sentenced to 22 years in state prison.

In December 2023, defendant filed a form petition for resentencing under former section 1170.95, renumbered as section 1172.6. Appointed defense counsel filed a two-page brief asserting defendant's petition established a prima facie case for relief because "the court cannot engage in fact-finding at the prima facie sta[g]e."[1]

---

[1] Defense counsel's brief in support of defendant's petition appears to be largely boilerplate, including such phrases as "the court cannot consider the recitation of facts as derived from the unpublished or published appellate opinion, should one exist in this case." The record does not suggest there was any prior appeal or appellate opinion.

The prosecutor opposed the petition on grounds that defendant was not entitled to sentencing relief under section 1172.6 because it "only appl[ies] to attempted murder convictions which were obtained under the natural and probable consequences doctrine." (§ 1172.6, subd. (a)(1); see *People v. Billa* (2003) 31 Cal.4th 1064, 1071, fn. 4 [there is no analogue to felony murder for attempted murder: "California has no crime of attempted felony murder"].) The prosecutor also argued nothing in the charges indicated a theory of accomplice liability under the natural and probable consequences doctrine; to the contrary, the charges reflected that defendant "was the sole participant," indeed: "He did not aid or abet; [h]e did it himself." The opposition brief also pointed out that because defendant's plea postdated the "changes to Section 188 or 189 made effective January 1, 2019" and thereafter, on which defendant premised his petition, he could not have been convicted of attempted murder other than consistent with those changes.

The trial court denied defendant's resentencing petition, defendant appealed, and this court appointed appellate counsel. Counsel subsequently filed a brief stating that his record review uncovered no arguable appellate issues, including after consultation with an attorney at Appellate Defenders, Inc. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 [threshold for "an arguable issue" requires "a reasonable potential for success"]; see also *Redante v. Yockelson* (2003) 112 Cal.App.4th 1351, 1356 [counsel cannot contrive arguable issues].) Counsel summarized the background relevant to defendant's appeal and, while recognizing that we need not do so, requested that we independently

review the record for arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232 (*Delgadillo*).)

Without suggesting error, but for our potential reconsideration, counsel advised that he had considered the following as potential avenues for appellate relief, before rejecting them: (1) Whether the trial court erred in summarily denying defendant's resentencing petition without issuing an order to show cause; and (2) Whether defendant's guilty plea was an obstacle to obtaining relief under section 1172.6. Counsel also advised defendant he could personally file a supplemental brief to raise an arguable issue or issues and sent defendant the appellate record.

This court similarly gave defendant written notice of his opportunity to file a supplemental brief, cautioning that failure to do so "may result in the dismissal of the appeal as abandoned." Defendant did not respond. When the defendant on appeal from the denial of a section 1172.6 petition does not file a supplemental brief, the appellate court "may dismiss the appeal as abandoned." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We conclude that is the proper result here.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>McKINSTER</u>
Acting P. J.

We concur:

<u>CODRINGTON</u>
J.

<u>RAPHAEL</u>
J.